Aguiar, J.
This appeal raises the issue of whether the motion judge erred in denying the defendant’s motion for removal to the Superior Court late when there was an affidavit of defendant’s counsel that he first received notification of the action more than twenty-five days after service of the complaint and the damages claimed are in excess of $25,000.
There was no error.
The motion for removal to the Superior Court late is discretionary. There was no abuse of discretion. The defendant had ample time to remove to the Superior Court but failed to do so.
This appeal further raises the issue of whether the trial judge erred in denying the defendant’s motion for a directed finding at the close of all the evidence.
There was no error.
There was evidence that it was dark and snowing. However, the intersection in question was well lit and regulated. The plaintiff was making a left hand turn and the oncoming traffic which included the defendant was ninety feet away. The defendant was traveling 20 m.p.h., the speed limit.
The defendant contended that the collision between the defendant’s car and the plaintiffs car was an accident which resulted without any evidence of negligence by the defendant The happening of an accident is not evidence of negligence claims the defendant
The plaintiff argued that she had her directional on and had completely finished her left turn. She claimed that the evidence indicates that the point of impact on her vehicle was the right rear bumper — that she was hit from the rear by the defendant’s car after the defendant failed to control her vehicle and slid into her. There was evidence that the defendant did not notice whether plaintiff’s directional was on or whether plaintiff’s headlights were on. The plaintiff testified that both were on and should have been seen by the defendant.
The trial judge denied the defendant’s motion for a directed finding.
We find no error. There was ample evidence for the trier of fact to find for the plaintiff.